IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01713-ZLW

BENAD ABIODUN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                CLERK

ORDER DENYING MOTION TO RECONSIDER

Plaintiff Benad Abiodun has filed *pro se* on September 17, 2007, a "Motion to Alter or Amend Order of Dismissal." Mr. Abiodun asks the Court to reconsider and vacate the Court's Order of Dismissal filed in this action on September 11, 2007. The Court must construe the motion liberally because Mr. Abiodun is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Abiodun filed his motion to reconsider within ten days after the Court's Order of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because the Court determined that Mr. Abiodun's claims for damages pursuant to the Federal Tort Claims Act are barred by **Heck v. Humphrey**, 512 U.S. 477 (1994). More specifically, the Court determined that Mr. Abiodun's claims, if successful, necessarily would imply the invalidity of the denial of his application for naturalization and the final order of removal in his immigration case. In the motion to reconsider, Mr. Abiodun disagrees with the Court's conclusions.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Abiodun fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Abiodun does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that Mr. Abiodun's tort claims are barred because, if successful, those claims necessarily would imply the invalidity of the denial of his application for naturalization and the final order of removal in his immigration case. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Alter or Amend Order of Dismissal" filed on September 17, 2007, is denied.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01713-BNB

Benad Abiodun
Prisoner No. K0087
Aurora/ I.C.E. Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  9/20/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk